15 F.3d 1094
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Thomas Crayton SIKES, Defendant-Appellant.
 No. 93-50084.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted June 9, 1993.
Decided Jan. 3, 1994.
 
 Before: KOZINSKI, SILER,* and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Defendant Thomas Crayton Sikes was convicted of possession of methamphetamine ("simple possession"), under 21 U.S.C. Sec. 844(a), in a prior prosecution. He was also implicitly acquitted of possession with intent to distribute methamphetamine ("distribution"), under 21 U.S.C. Sec. 841(a), in that proceeding. Sikes now appeals the district court's refusal to dismiss the superseding indictment in a second prosecution charging him with conspiracy to distribute methamphetamine, in violation of 21 U.S.C. Sec. 846. Sikes claims: (1) double jeopardy bars prosecution of the conspiracy charge and (2) collateral estoppel precludes relitigation of his entrapment defense. We reverse and remand.
 
 Background
 
 3
 On August 6, 1992, Sikes was arrested upon delivering ten pounds of methamphetamine to DEA agent Schweitzer. That same day, a criminal complaint was filed, charging Sikes with conspiracy to possess with intent to distribute methamphetamine and with distribution of methamphetamine. On August 12, 1992, Sikes was indicted only for possession with intent to distribute methamphetamine.
 
 
 4
 During trial, in October 1992, DEA agents Schweitzer and Pappas were witnesses for the prosecution. For the most part, they testified only about events occurring on August 6, 1992. Sikes, on the other hand, introduced additional testimony and evidence relating to prior drug transactions and evidence supporting his entrapment defense. On October 28, 1992, Sikes was convicted of simple possession, as a lesser-included offense of distribution. Sikes was subsequently sentenced to a one-year term of imprisonment, the maximum for simple possession.
 
 
 5
 On November 25, 1992, a superseding indictment was returned charging Sikes and codefendants Jesus Ibarra and William James Gilmour with conspiracy to distribute methamphetamine and possession with intent to distribute methamphetamine. This second indictment charged that the distribution offense occurred on the same date, August 6, 1992, as alleged in the preceding indictment. The conspiracy, however, was alleged to have taken place between an unknown date and August 6, 1992. Sikes subsequently moved to dismiss both charges. The district court dismissed the distribution charge but not the conspiracy charge. That is the subject of this appeal.
 
 Analysis
 I.
 
 6
 Sikes first argues that this conspiracy prosecution violates the Double Jeopardy Clause in the Fifth Amendment to the Constitution, in view of the prior prosecution for the substantive offense. The district court's denial of Sikes's motion to dismiss on double jeopardy grounds is reviewed de novo. United States v. Lun, 944 F.2d 642, 644 (9th Cir.1991). The instant prosecution does not violate double jeopardy because "a substantive crime, and a conspiracy to commit that crime, are not the 'same offense' for double jeopardy purposes." United States v. Felix, 112 S.Ct. 1377, 1384 (1992). Sikes disputes this conclusion by arguing that the "same conduct" test set forth in Grady v. Corbin, 495 U.S. 508, 521 (1990), bars this subsequent prosecution. However, since the case at bar was argued, Grady was overruled by United States v. Dixon, 113 S.Ct. 2849, 2860 (1993), so it cannot support Sikes's position.
 
 II.
 
 7
 Sikes next argues that relitigation of his entrapment defense is barred by collateral estoppel. The applicability of collateral estoppel is also reviewed de novo. United States v. Seley, 957 F.2d 717, 720 (9th Cir.1992). Collateral estoppel "means simply that when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit." Ashe v. Swenson, 397 U.S. 436, 443 (1970). To determine which ultimate issues are barred by collateral estoppel in this type of case, the court must "examine the record of [the] prior proceeding, taking into account the pleadings, evidence, charge, and other relevant matter, and conclude whether a rational jury could have grounded its verdict upon an issue other than that which the defendant seeks to foreclose from consideration." Seley, 957 F.2d at 721 (quoting Ashe, 397 U.S. at 444). Here the court must decide, "with an eye to all the circumstances," id., which ultimate facts were determined by the jury when it convicted Sikes of simple possession and failed to reach a verdict on the distribution charge.
 
 
 8
 In order to prove possession with intent to distribute, the government was required to show that Sikes "(1) knowingly, (2) possessed the [methamphetamine], (3) with an intent to distribute it." United States v. Ocampo, 937 F.2d 485, 488 (9th Cir.1991). To prove simple possession, the government was required to show that Sikes "knowingly possesse[d] a controlled substance" without being "so authorized." United States v. Holloway, 744 F.2d 527, 532 (6th Cir.1984), cited with approval in United States v. Powell, 932 F.2d 1337, 1342 (9th Cir.), cert. denied, 112 S.Ct. 256 (1991). At trial, Sikes conceded that he was a user of methamphetamine, and possessed methamphetamine for personal use on August 6, 1992. However, he claimed he was entrapped into possessing the ten pounds of methamphetamine for distribution to the undercover agent. Therefore, because the jury convicted Sikes of simple possession and failed to reach a verdict on the distribution charge, the entrapment defense prevailed, at least enough to create a reasonable doubt on intent. See United States v. Restrepo, 930 F.2d 705, 712 (9th Cir.1991) ("The issue of entrapment 'focuses on the intent or predisposition of the defendant to commit the crime.' " (quoting United States v. Russell, 411 U.S. 423, 429 (1973))).
 
 
 9
 The government disputes the foregoing conclusion by arguing that the jury did not implicitly acquit Sikes on the distribution charge because it "unequivocally stated that it was deadlocked." However, according to the district judge, Sikes
 
 
 10
 was charged with intent to distribute ... [but the jury was also instructed] that it could find ... Sikes guilty of the lesser included offense of possession of a controlled substance. The jury in fact decided to take this option, informing the court that it had not reached a verdict on the charge of possession with intent to distribute.
 
 
 11
 The principle of double jeopardy bars further prosecution for an offense after an acquittal, "whether that acquittal is express or implied by a conviction on a lesser included offense when the jury was given a full opportunity to return a verdict on the greater charge." Price v. Georgia, 398 U.S. 323, 329 (1970). A jury's failure to reach a verdict on a more serious charge, at the same time it convicts on a lesser included offense, constitutes an "implicit acquittal" on the more serious charge. Green v. United States, 355 U.S. 184, 190 (1957).
 
 
 12
 Because the jury in the instant case "was given a full opportunity to return a verdict on the greater charge," but only convicted on the lesser-included offense, the conviction on the charge of simple possession must be considered an implicit acquittal on the charge of possession with intent to distribute. Price, 398 U.S. at 329. The only rational basis on which the jury could have convicted on the charge of simple possession, but acquitted on the charge of possession with intent to distribute, was by finding that Sikes did not intend to distribute the ten pounds of methamphetamine at issue because he was entrapped. Therefore, the government is barred by collateral estoppel from prosecuting Sikes on any charge that requires a finding that Sikes intended to distribute the ten pounds of methamphetamine recovered on August 6, 1992. Seley, 957 F.2d at 722.
 
 
 13
 The indictment at issue here charged Sikes with conspiring to distribute methamphetamine. To be guilty of conspiracy, a defendant must have the mens rea required for the underlying crime-in this case, intent to distribute methamphetamine. United States v. Hegwood, 977 F.2d 492, 497 (9th Cir.1992), cert. denied, 113 S.Ct. 2348 (1993). The government is collaterally estopped from proving possession with intent to distribute on August 6, as a basis for the conspiracy charge. Whether collateral estoppel would bar the entire prosecution depends on how the government proposes to prove the conspiracy, a question which the district court has not yet considered. Because it was not raised on appeal, we leave to another day the question of whether the government might prosecute Sikes for a misdemeanor conspiracy to possess methamphetamine. Cf. United States v. Rein, 848 F.2d 777, 783-84 (7th Cir.1988) (jury instructed on offense of attempting, under Sec. 846, to possess marijuana under Sec. 844(a)).
 
 Conclusion
 
 14
 Prosecution of the instant conspiracy charge does not violate double jeopardy. Therefore, we AFFIRM the district court on this ground. However, collateral estoppel bars trial for crimes that would necessitate a finding that Sikes intended to distribute the methamphetamine recovered on August 6, 1992.
 
 
 15
 REVERSED and REMANDED.
 
 
 
 *
 The Honorable Eugene E. Siler, Jr., United States Circuit Judge, United States Court of Appeals for the Sixth Circuit, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3