**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**David A. REIN, Defendant–Appellant.**

No. 87–2291.

United States Court of Appeals,
Seventh Circuit.

Submitted Jan. 21, 1988.*

Decided June 8, 1988.

* The court, on its own motion, vacated oral argument in this appeal. This matter was submitted for decision on the basis of the briefs and record.

Brian A. Addy, Pekin, Ill., for defendant-appellant.

J. William Roberts, U.S. Atty., Springfield, Ill., Mark D. Stuaan, Asst. U.S. Atty., Peoria, Ill., for plaintiff-appellee.

Before CUMMINGS, and WOOD, Jr., Circuit Judges, and WILL, Senior District Judge.[**]

HARLINGTON WOOD, Jr., Circuit Judge.

The defendant-appellant, David A. Rein, was charged with the offense of attempting to possess marijuana with intent to distribute, 21 U.S.C. §§ 841(a)(1), 846, but convicted by a jury on June 9, 1987, only of the lesser included offense of attempting to possess marijuana in violation of 21 U.S.C. §§ 844(a), 846.[1]

On appeal, the defendant argues that his statutory and constitutional rights to a speedy trial were violated, that the district court erred in admitting evidence of defendant's prior conviction, and that the court erred in instructing the jury on the lesser included offense of which he was convicted. We affirm.

## I. FACTUAL BACKGROUND

On May 22, 1986, Bruce Johansen was arrested when he attempted to purchase forty pounds of marijuana from undercover agents for $16,400. After his arrest, Johansen agreed to cooperate with law enforcement personnel. Thereafter as part of that cooperation he telephoned people he

---

[**] The Honorable Hubert L. Will, Senior District Judge of the Northern District of Illinois, is sitting by designation.

[1.] The court gave the defendant a one-year suspended sentence of incarceration, and placed the defendant on probation for three years. As a condition of probation, the defendant was required to serve the first seventy consecutive days in the Peoria County Work–Release Center without furlough. He also was ordered to pay a fine of $750 and a special assessment of $25 was imposed. The defendant does not challenge his sentence.

had previously contacted about buying marijuana. One of the people that Johansen contacted was the defendant.

About one week earlier, according to Johansen's testimony, the defendant and Johansen had met at a bar and discussed an opportunity Johansen had to buy some marijuana. Johansen had asked the defendant if he could give Johansen some money. He explained that a pound would cost $550, unless they bought a larger quantity, in which case the price would be $500 a pound. Johansen testified that the defendant said he might be interested in a pound, but that the defendant would get back to him about it.

A few days after that meeting, the defendant stopped by Johansen's girlfriend's trailer. Johansen was there alone. According to Johansen, the defendant gave him $2,500 in cash. The defendant made no comment about the money, but Johansen combined the defendant's money with other money he had in order to come up with the $16,400 which he used in attempting to buy marijuana from the undercover agents.

On May 22, the defendant received a telephone call from Johansen, and in response went to Johansen's residence. When the defendant arrived, an undercover agent led the defendant to the bedroom, where he showed the defendant some marijuana, saying that they would split it between them. After the defendant assented, he was placed under arrest.

Johansen testified that based on his conversations with the defendant, and the fact that the defendant gave him $2,500, Johansen believed that the defendant wanted to purchase five pounds of marijuana. A law enforcement agent testified that a purchase of five pounds of marijuana was inconsistent with a purchase merely for personal use. The defendant, who testified in his own behalf, denied that he had any agreement or understanding to purchase any quantity of marijuana from Johansen on May 22, 1986.

The defendant was originally charged on May 23, 1986, with conspiracy to possess marijuana with intent to distribute. An indictment on that charge followed on June 18, 1986. The defendant was arraigned July 11, 1986 and entered a plea of not guilty. On September 11, 1986, however, that indictment was dismissed without prejudice. The defendant was reindicted almost a year later and charged with attempting to possess marijuana with intent to distribute, which is this case.

## II. DISCUSSION

### A. Speedy Trial Act

The defendant argues that his rights under the Speedy Trial Act were violated, and that the second indictment should have been dismissed. The Act provides that when a defendant enters a plea of not guilty, the trial "shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs." 18 U.S.C. § 3161(c)(1). The trial "shall not commence less than thirty days from the date on which the defendant first appears through counsel or expressly waives counsel and elects to proceed pro se." 18 U.S.C. § 3161(c)(2). The defendant may consent in writing to an earlier trial. *Id.* If these time limits are not met, dismissal of the indictment is appropriate.

The indictment under which the defendant was tried was filed April 21, 1987. The defendant appeared May 7, 1987, for arraignment on that charge before the United States Magistrate. Trial was scheduled to begin, and did begin, June 8, 1987. Although these dates clearly indicate compliance with the terms of the Act, the defendant argues that the district court erred in not combining the time that he had already run in connection with the original indictment with the time that had run in this, the second case.

Section 3161(h) provides for certain periods of delay that are to be excluded in time computations under the Act. Under section 3161(h)(6), if an

indictment is dismissed upon motion of the attorney for the Government and thereafter a charge is filed against the defendant for the same offense, or any offense required to be joined with that offense, any period of delay [is excluded] from the date the charge was dismissed to the date the time limitation would commence to run as to the subsequent charge had there been no previous charge.

18 U.S.C. § 3161(h)(6). We have found that, under this section of the Act, "if the information or indictment is dismissed upon the government's motion and if the defendant is later reindicted for the same offense, the time limitation commences with the first indictment, with tolling during the time no indictment is outstanding." *United States v. Feldman*, 761 F.2d 380, 388 (7th Cir.1985).

The key question is whether the reindictment was for the same offense, or an offense required to be joined in the first indictment. The first indictment here charged the defendant with conspiracy to possess marijuana with intent to distribute; the second indictment charged him with attempt to possess marijuana with intent to distribute. The district court used a double jeopardy analysis to decide whether the second indictment was for the same offense or one required to be joined to the first. Although we have not ruled on this specific approach, the Third Circuit approved it in *United States v. Novak*, 715 F.2d 810, 817 (3d Cir.1983), *cert. denied*, 465 U.S. 1030, 104 S.Ct. 1293, 79 L.Ed.2d 694 (1984). In the Third Circuit's view, legislative history makes clear that the term, "required to be joined," not defined in the Speedy Trial Act, refers to joinder required by the double jeopardy clause of the Constitution. U.S. Const. amend. V; S.Rep. No. 96–212, 96th Cong., 1st Sess. 10 (1979).

Before proceeding to the double jeopardy analysis, the district court noted that there is no compulsory joinder under federal criminal law. *See* Fed.R.Crim.P. 8(a); 1 C. Wright, Federal Practice and Procedure § 143, at 480 (2d ed. 1982); *see also United States v. Rabbitt*, 583 F.2d 1014, 1021 (8th Cir.1978), *cert. denied*, 439 U.S. 1116, 99 S.Ct. 1022, 59 L.Ed.2d 75 (1979). The two offenses charged in the two indictments thus were not required to be joined.

In evaluating whether two offenses are the same for double jeopardy purposes, courts look to whether either requires proof of a fact that the other does not. *Blockburger v. United States*, 284 U.S. 299, 304, 52 S.Ct. 180, 182, 76 L.Ed. 306 (1932). The original conspiracy charge required the government to prove the existence of an agreement between two or more persons to commit a criminal offense. The second indictment, charging the defendant with an attempt to commit a criminal offense, did not require proof of an agreement, but, unlike the conspiracy charge, did require the government to prove that the defendant took a substantial step toward completion of the offense. Under the *Blockburger* test, therefore, the two offenses were not the same for double jeopardy purposes, and thus were not the same under the Speedy Trial Act. The time that had passed in connection with the first indictment was appropriately excluded from the computation of time under the second indictment. *See United States v. Jones*, 808 F.2d 561, 568 (7th Cir.1986), *cert. denied*, — U.S. —, 107 S.Ct. 1630, 95 L.Ed.2d 203 (1987). The Speedy Trial Act was not violated.

### B. Constitutional challenges

The defendant asserts that even if his rights under the Speedy Trial Act were not violated, he was denied his constitutional right to a speedy trial. U.S. Const. amend. VI.[2] Because the defendant is challenging the delay between dismissal and reindictment, the proper constitutional basis for the defendant's argument is not the sixth amendment, but the due process clause of

---

**2.** Although the defendant also relies on Federal Rule of Criminal Procedure 48(b), this rule "is limited to post-arrest situations." *United States v. Marion*, 404 U.S. 307, 319, 92 S.Ct. 455, 463, 30 L.Ed.2d 468 (1971); *United States v. Deleon*, 710 F.2d 1218, 1223 (7th Cir.1983). The defendant was not arrested in this case; therefore, his reliance on Rule 48(b) is misplaced.

the fifth amendment. *United States v. Fuesting*, 845 F.2d 664, 669 (7th Cir.1988). "Any undue delay after charges are dismissed, like any delay before charges are filed, must be scrutinized under the Due Process Clause, not the Speedy Trial Clause." *United States v. MacDonald*, 456 U.S. 1, 7, 102 S.Ct. 1497, 1501, 71 L.Ed.2d 696 (1982) (footnote omitted).

Statutes of limitations are a defendant's primary safeguard· against governmental delay that results in prosecution of stale criminal charges. *United States v. Lovasco*, 431 U.S. 783, 789, 97 S.Ct. 2044, 2048, 52 L.Ed.2d 752 (1977); *United States v. Marion*, 404 U.S. 307, 322, 92 S.Ct. 455, 464, 30 L.Ed.2d 468 (1971); *United States v. Antonino*, 830 F.2d 798, 804 (7th Cir. 1987). A defendant may demonstrate that the government violated his due process rights through preindictment delay, even if the indictment is brought within the statute of limitations, if it can be shown "(1) that the government delayed bringing the indictment in order to gain a tactical advantage; and (2) that the delay caused him actual and substantial prejudice." *Fuesting*, at 669; *United States v. Gouveia*, 467 U.S. 180, 192, 104 S.Ct. 2292, 2299, 81 L.Ed. 2d 146 (1984); *Lovasco*, 431 U.S. at 789–90, 97 S.Ct. at 2048.

■ The defendant has failed to carry his burden of showing actual and substantial prejudice. He suggests in his brief that between the time the first indictment was dismissed and the time he was reindicted (September 11, 1986 to April 21, 1987) he suffered anxiety and concern. At a motion hearing before trial, defense counsel stated that the defendant had suffered difficulties in finding employment, marital problems, the deprivation of his motor vehicle, and a possible lapse of memory. Under the line of Seventh Circuit cases dealing with preindictment delay, these vague allegations are clearly insufficient to establish prejudice. *See Fuesting*, at 669; *Antonino*, 830 F.2d at 804–05; *United States v. Perry*, 815 F.2d 1100, 1103–04 (7th Cir.1987); *United States v. Jones*, 808 F.2d 561, 567 (7th Cir.1986), *cert. denied,* —— U.S. ——, 107 S.Ct. 1630, 95 L.Ed.2d 203 (1987); *United States v. Brock*, 782 F.2d 1442, 1444 (7th Cir.1986); *United States v. Brown*, 742 F.2d 359, 362 (7th Cir.1984). The mere passage of time does not demonstrate prejudice. *See Perry*, 815 F.2d at 1102–03 (nineteen months); *Brock*, 782 F.2d at 1444 (more than four years); *United States v. Williams*, 738 F.2d 172, 175 (7th Cir.1984) (four years). The death of defense witnesses may not suffice. *See United States v. Valona*, 834 F.2d 1334, 1338 (7th Cir. 1987); *Williams*, 738 F.2d at 176; *United States v. Solomon*, 688 F.2d 1171, 1179–80 (7th Cir.1982). Even aggravation of a defendant's preexisting personality disorders has been held not to amount to actual and substantial prejudice. *Perry*, 815 F.2d at 1103–04.

The defendant did not make the kind of specific allegations necessary to establish actual and substantial prejudice. Therefore, there was no need for the government to present evidence explaining the delay, nor to explain whatever tactical advantage conceivably may have resulted from seeking dismissal of the first indictment and reindicting the defendant seven months later. *Fuesting*, at 670; *Perry*, 815 F.2d at 1104; *Williams*, 738 F.2d at 175. The defendant's constitutional right to a speedy trial was not violated.

## C. Defendant's prior conviction

■ The defendant argues that the district court incorrectly denied his motion in limine, allowing the prosecutor to use in cross-examination a 1977 conviction for delivery of a controlled substance.[3] Rulings concerning the admission of evidence are

---

**3.** The defendant argues that if the court does not rule on the admissibility of a ´prior conviction before the defendant testifies, the defense is disadvantaged because it may appear to the jury that the defendant was trying to hide something from them. To prevent this appearance, the defendant asserts, defense counsel would have to re-open his case. The district court heard arguments on the motion before trial, but reserved final ruling only at the request of defense counsel. When the court ruled on the motion after the defendant's direct testimony, the court gave defense counsel the opportunity to elicit the defendant's testimony about the conviction before cross-examination, but defense counsel declined to do so.

committed to the sound discretion of the trial court and will not be disturbed on appeal unless the appellant can demonstrate that the court abused its discretion. *See United States ex rel. Haywood v. O'Leary*, 827 F.2d 52, 62 (7th Cir.1987). He has not done so here.

The defendant argues that the prior criminal act used to impeach him had occurred more than ten years prior to the present trial, and that the conviction for that criminal act was also almost ten years old at the time of the present trial. Therefore, he contends, the prior conviction should not have been admitted into evidence. Federal Rule of Evidence 609[4] refers to the time elapsed from the date of the witness's conviction, or release from confinement, whichever is later, but to be admissible it still must be within ten years. Rule 609 does not condition admissibility of a prior conviction on the time elapsed since the underlying act occurred. Because the defendant's conviction was less than ten years prior to the trial here, it was admissible under Rule 609.

The defendant suggests that his felony conviction for delivery of a controlled substance is not a conviction "involv[ing] dishonesty or false statement." Fed.R.Evid. 609(a)(2). Be that as it may, the court admitted the evidence under Rule 609(a)(1), not 609(a)(2), so that argument is irrelevant.

The Seventh Circuit has used a five-part test to help determine whether the value of using a defendant's prior conviction outweighs its prejudicial effect. *United*

*States v. Mahone*, 537 F.2d 922, 928–29 (7th Cir.), *cert. denied*, 429 U.S. 1025, 97 S.Ct. 646, 50 L.Ed.2d 627 (1976). These factors include

(1) The impeachment value of the prior crime.

(2) The point in time of the conviction and the witness' subsequent history.

(3) The similarity between the past crime and the charged crime.

(4) The importance of the defendant's testimony.

(5) The centrality of the credibility issue.

*Id.* at 929.

The district court here carefully considered each of these factors twice, once before trial and again after the defendant's direct testimony, and ruled that the prior conviction should be admitted. The court found that the prior conviction would be significant to impeach the defendant's testimony suggesting that he had not engaged in this type of activity before. The court acknowledged that the conviction, nine and a half years earlier, was very remote in time. As to the defendant's subsequent history, the record reflected only that the defendant had used small amounts of marijuana before he was charged here, and on the positive side, he had married, had been regularly employed, and was raising a family. The district court found that there was some similarity between the earlier conviction for delivery of a controlled substance and the current charge of attempted possession with intent to distribute. Because the "critical element" in this case was the defendant's mental state when he was in

---

4. Federal Rule of Evidence 609 provides in pertinent part as follows:

   (a) General rule. For the purpose of attacking the credibility of a witness, evidence that the witness has been convicted of a crime shall be admitted if elicited from the witness or established by public record during cross-examination but only if the crime (1) was punishable by death or imprisonment in excess of one year under the law under which the witness was convicted, and the court determines that the probative value of admitting this evidence outweighs its prejudicial effect to the defendant, or (2) involved dishonesty or false statement, regardless of the punishment.

   (b) Time limit. Evidence of a conviction under this rule is not admissible if a period of

more than ten years has elapsed since the date of the conviction or of the release of the witness from the confinement imposed for that conviction, whichever is the later date, unless the court determines, in the interests of justice, that the probative value of the conviction supported by specific facts and circumstances substantially outweighs its prejudicial effect. However, evidence of a conviction more than 10 years old as calculated herein, is not admissible unless the proponent gives to the adverse party sufficient advance written notice of intent to use such evidence to provide the adverse party with a fair opportunity to contest the use of such evidence.

Johansen's house on May 22, the court found that the defendant's testimony was important, and because the case came down to the defendant's word against Johansen's, the defendant's credibility was "extremely important."

Based on these findings, principally the importance of defendant's credibility, the court allowed the prior conviction into evidence. The defendant argues that the court did not give adequate consideration to the similarity of the two offenses, citing *United States v. Shapiro*, 565 F.2d 479 (7th Cir.1977). *Shapiro* involved the admissibility of evidence of a conviction more than ten years old at the time of trial, so the case is not directly applicable here. Interestingly, the defendant uses *Shapiro* to argue that his prior conviction should have been excluded from evidence because, among other things, it involved a different substance. In *Shapiro*, we noted that the danger of unfair prejudice resulting from the admission of the prior conviction increases "[w]hen the prior conviction and the charged act are of a similar nature." *Id.* at 481. It is difficult to determine whether the defendant believes the two offenses are too similar, or not similar enough. At any rate, the defendant has not shown that the court abused its discretion in admitting the prior conviction.

The danger of admitting evidence of a defendant's prior conviction for a similar offense is that the "jury will regard past convictions of similar crimes as evidence of bad character or a willingness to commit the crime charged; or that a jury will conclude that the defendant does not 'really' deserve the presumption of innocence." *United States v. Fountain*, 642 F.2d 1083, 1091 (7th Cir.), *cert. denied*, 451 U.S. 993, 101 S.Ct. 2335, 68 L.Ed.2d 854 (1981). However, the fact that the defendant has been convicted of a prior offense may legitimately imply "that he is more likely to give false testimony than other witnesses." *United States v. Harding*, 525 F.2d 84, 89

(7th Cir.1975). In this case, the district court promptly gave the jury a cautionary instruction as to the use of the prior conviction and reiterated the instruction during the court's final charge to the jury. These instructions lessened the likelihood of any prejudice to the defendant from use of the prior conviction. We also note that the risk of prejudice from admission of the conviction would seem to be outweighed by the defendant's own testimony that in the months prior to trial he had received small quantities of marijuana from Johansen. We believe that the district court's admission of the defendant's prior conviction was not an abuse of discretion.

## D. Lesser included offense instruction

At the end of trial, the government tendered an instruction directing the jury to consider the lesser included offense of attempting to possess marijuana. The defendant argues that the district court erred in giving this instruction.

Federal Rule of Criminal Procedure 31(c) provides that "[t]he defendant may be found guilty of an offense necessarily included in the offense charged or of an attempt to commit either the offense charged or an offense necessarily included therein if the attempt is an offense."

We have recently held that "an offense is necessarily included within another for the purpose of Rule 31(c) only when the elements of the lesser offense form a subset of the elements of the charged offense." *United States v. Schmuck*, 840 F.2d 384, 387 (7th Cir.) (en banc), *cert. granted*, —— U.S. ——, 108 S.Ct. 1727, 100 L.Ed.2d 192 (1988).[5] We rejected the "inherent relationship test" which had led the original panel in *Schmuck* to find that odometer tampering was a lesser included offense of mail fraud.

Under either test, however, the offense of attempting to possess marijuana under 21 U.S.C. § 844(a) is clearly a lesser

**5.** Both parties cited the panel opinion in *United States v. Schmuck*, 776 F.2d 1368 (7th Cir.1985), but apparently neither was aware that the opinion had been vacated. 784 F.2d 846 (7th Cir. 1986). The case was reheard *en banc* on June 9,

1986, and the *en banc* opinion was published January 21, 1988, the date on which the parties submitted this case to the Seventh Circuit. The Supreme Court granted certiorari on May 16, 1988, while this decision was pending.

included offense of attempting to possess marijuana with intent to distribute under 21 U.S.C. § 841(a)(1). The attempt portion of each offense is made criminal under 21 U.S.C. § 846. Section 841 provides in pertinent part that "it shall be unlawful for any person knowingly or intentionally ... to possess with intent to manufacture, distribute, or dispense a controlled substance." Section 844 provides that "[i]t shall be unlawful for any person knowingly or intentionally to possess a controlled substance." The provisions of section 844(a) are a word-for-word subset of section 841(a)(1) in this respect.

Similarly the penalty for a violation of section 844 is less than that for a violation of 841(a)(1). Violations of section 844 carry a penalty of up to one year imprisonment and/or a fine of at least $1,000, but not more than $5,000. 21 U.S.C. § 844(a). Violations of section 841(a)(1), involving marijuana in the amount at issue here, are punishable by imprisonment for not more than five years and/or a fine "not to exceed the greater of that authorized in accordance with the provisions of Title 18, or $250,000 if the defendant is an individual." 21 U.S.C. § 841(b)(1)(D).

A lesser offense instruction may be given "if the evidence would permit a jury rationally to find him guilty of the lesser offense and acquit him of the greater." *Keeble v. United States*, 412 U.S. 205, 208, 93 S.Ct. 1993, 1995, 36 L.Ed.2d 844 (1973); *United States v. Barrientos*, 758 F.2d 1152, 1158 (7th Cir.1985), *cert. denied*, 474 U.S. 1062, 106 S.Ct. 810, 88 L.Ed.2d 785 (1986). The greater offense must require a jury to decide a "disputed factual element which is not required for conviction of the lesser-included offense." *Sansone v. United States*, 380 U.S. 343, 350, 85 S.Ct. 1004, 1009, 13 L.Ed.2d 882 (1965). An instruction as to a lesser included offense is inappropriate "where, on the evidence presented, the factual issues to be resolved by the jury are the same as to both the lesser and greater offenses." *Id.* at 349–50, 85 S.Ct. at 1009.

The indictment here charged the defendant with attempting to possess marijuana with intent to distribute. The lesser offense was attempting to possess marijuana. The defendant does not contend that the factual elements of the greater and lesser offenses were identical, nor that the lesser offense included any additional elements. He argues instead that because his defense was "completely exculpatory" it was "beyond the bounds of rationality for a jury to reach a decision on the lesser included offense based solely upon the evidence."

■ This argument is meritless. Although the defendant's theory of defense was that he made no "attempt to possess any amount [of marijuana] for any reason," the jury was not required to believe him. We agree with the District of Columbia Circuit's opinion in *United States v. Thornton*, that "even where the defendant presents a totally exculpatory defense, the instruction should nonetheless be given if the evidence presented by the *prosecution* provides a rational basis for the jury's finding the defendant guilty of the lesser included offense." 746 F.2d 39, 48 (D.C.Cir. 1984) (emphasis in original). The government provided the jury with sufficient evidence to enable it to find the defendant guilty of attempting to possess marijuana. The jury apparently did not credit the testimony of the government witness who stated that a purchase of five pounds of marijuana was inconsistent with personal use, or perhaps it did not believe the defendant wanted to buy that much, because it failed to convict the defendant of attempting to possess marijuana with intent to distribute. In addition to evidence as to the May 22 transaction, however, the government also presented evidence that the defendant had previously obtained marijuana from Johansen. The defendant himself confirmed this in his testimony. It clearly was not irrational for the jury to have found the defendant guilty of attempting to possess marijuana. We find that the lesser included offense instruction was proper.

## III. CONCLUSION

We find that the defendant's statutory and constitutional rights to a speedy trial were not violated, that admission into evi-

dence of his prior conviction was within the district court's discretion, and that the jury instruction as to the lesser included offense was appropriate. The conviction, therefore, is

Affirmed.