UNITED STATES of America,
Plaintiff–Appellee,

v.

Ronald LOFTON, Sr., Defendant–
Appellant.

No. 91–1498.

United States Court of Appeals,
Seventh Circuit.

Argued Sept. 17, 1991.

Decided March 11, 1992.

Andrew B. Baker, Jr., Asst. U.S. Atty. (argued), Office of the U.S. Atty., Dyer, Ind., for plaintiff-appellee.

Lonnie Randolph (argued), East Chicago, Ind., for defendant-appellant.

Before CUMMINGS, COFFEY and KANNE, Circuit Judges.

KANNE, Circuit Judge.

■ Ronald Lofton, Sr. was charged by indictment with conspiracy in violation of 21 U.S.C. § 846, possession with the intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2, and use of the mail in committing, causing and facilitating an offense in violation of 21 U.S.C. § 843(b) and 18 U.S.C. § 2. Prior to trial, Lofton's wife moved to quash a subpoena requiring her to testify at Lofton's trial on the basis of her spousal testimonial privilege. *See Trammel v. United States,* 445 U.S. 40, 100 S.Ct. 906, 63 L.Ed.2d 186 (1980); *United States v. Byrd,* 750 F.2d 585 (7th Cir.1984). In denying the motion, the district court found that Lofton's wife waived her privilege by giving a voluntary statement to law enforcement officers and by testifying at a pre-trial suppression hearing without objection or claim of privilege. The district court also denied Lofton's motion in limine based on the marital communications privilege, *see id.,* reasoning that his wife's testimony at the suppression hearing waived the confidentiality of certain statements. Lofton was convicted of all charges. He appeals the district court's denial of his motion in limine and we affirm.[1]

■ Special deference is given to the evidentiary rulings of the district court, and we will not reverse such rulings unless the court abused its discretion. *United States v. Kaden,* 819 F.2d 813, 818 (7th Cir.1987). The availability of any privilege in a criminal trial is "governed by the principles of the common law as they may be interpreted ... in the light of reason and experience." FED.R.EVID. 501. Evidentiary privileges must be construed narrowly to protect the search for truth. *Byrd,* 750 F.2d at 592.

■ Although the underlying reason for both the adverse spousal testimonial privilege and the marital communications privilege is to preserve the family, there are differences in the purposes of the two privileges. *Id.* at 590.

The testimonial privilege looks forward with reference to the particular marriage at hand: the privilege is meant to protect against the impact of the testimony on the marriage. The marital communications privilege in a sense, is broader and more abstract: it exists to ensure that spouses generally, prior to any involvement in criminal activity or a trial, feel free to communicate their deepest feelings to each other without fear of eventual exposure in a court of law.

*Id.* There are also differences in the operation of the privileges. The testimonial privilege, should the witness assert it, applies to all testimony against a defendant-spouse, including testimony on nonconfidential matters and matters which occurred prior to the marriage; the communications privilege, assertable by the defendant himself, applies only to communications made in confidence between the spouses during a valid marriage. *Id.* Acts observed by the spouse are not protected by the communications privilege. *United States v. Estes,* 793 F.2d 465, 467 (2d Cir.1986); *United States v. McCown,* 711 F.2d 1441, 1452 (9th Cir.1983).

■ In his motion in limine, Lofton alleged that his statements to his wife that, "The less you know the better off you are" and "Don't be so nosy," and that her knowledge whether she had seen Lofton use cocaine before and whether a package sent to their home containing cocaine was for him were privileged. Because acts observed by Lofton's wife are not privileged, any testimony regarding her observation of his use of cocaine or her knowledge whether the package at issue was for him was properly admitted. As to Lofton's statements to his wife, the district court erred in finding that Lofton's wife waived their confidentiality because she did not testify about the statements at the suppression hearing. In light of the other evidence

---

**1.** Lofton would have no standing to appeal the district court's determination that his wife waived her spousal testimonial privilege. *Trammel,* 445 U.S. at 53, 100 S.Ct. at 914. In any event, the privilege may be waived. *United*

*States v. Moorman,* 358 F.2d 31, 33 (7th Cir.), *cert. denied,* 385 U.S. 866, 87 S.Ct. 127, 17 L.Ed.2d 93 (1966); *United States v. Wood,* 924 F.2d 399, 401 (1st Cir.1991).

against Lofton, however, admission of the testimony was harmless error. *See* FED. R.CRIM.P. 52(a); *Wood*, 924 F.2d at 402.[2]

The other issues raised by Lofton are meritless and warrant no discussion.

The judgment of the district court is AFFIRMED.

---

**2.** This evidence included: a package containing cocaine sent to Lofton, photographs of Lofton with the man who sent the package, telephone records showing calls between Lofton and the man around the time of the mailing of the package, testimony by Lofton's son that he thought the package was for Lofton, cocaine found in Lofton's home, and a notebook which appeared to be a drug ledger and drug paraphernalia found in Lofton's home bearing his fingerprints.