51 F.3d 275
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Daniel GORE, Petitioner-Appellant,
v.
Richard B. GRAMLEY,[1] Respondent-Appellee.
 No. 93-3971.
 United States Court of Appeals, Seventh Circuit.
 Submitted April 4, 1995.*
Decided April 6, 1995.
 
 Before POSNER, Chief Judge, and FAIRCHILD and KANNE, Circuit Judges.
 
 ORDER
 
 1
 Daniel Gore, a prisoner seeking habeas corpus relief under 28 U.S.C. Sec. 2254, appeals the denial of his petition. He claims that the Illinois statutory scheme for first and second degree murder violates due process. 720 ILCS Secs. 5/9-1 (first degree murder) and 5/9-2 (second degree murder) (1987). According to Gore, the absence of lawful justification is an element of the offense of first degree murder and therefore requiring the defendant to prove partial justification as a mitigating factor for second degree murder shifts the burden of proof to the defendant to disprove that element.[2] He also claims that even if this scheme does not violate the United States Constitution, his petition should be granted because the scheme violates state due process guarantees.
 
 
 2
 The first degree murder statute, Sec. 5/9-1(a), states in pertinent part that "[a] person who kills an individual without lawful justification commits first degree murder if, in performing the acts which cause the death," certain criteria are met. If the defendant has committed the offense of first degree murder, he or she may obtain a second degree murder conviction by proving by a preponderance of the evidence the presence of either provocation or "imperfect self-defense," which "occurs when there is sufficient evidence that the defendant believed he was acting in self-defense, but that belief is objectively unreasonable." Illinois v. Jeffries, slip op. at * 3 (Ill. Jan. 19, 1995); see 720 ILCS Sec. 5/9-2(a)(1), (c) (1987). These mitigating factors are not in and of themselves "justifications" as that term is used in the first degree murder statute.[3] Placing the burden on the defendant to prove these mitigating factors does not require him to "disprove 'by a preponderance' [the] absence of lawful justification," (Appellant's Br. at 7), i.e. to prove the existence of true justification. It only requires him to prove that he unreasonably believed that the circumstances were such that he would be justified or exonerated.
 
 
 3
 "Due process requires that the State prove beyond a reasonable doubt 'every fact necessary to constitute the crime with which [the defendant was] charged.' ... A defendant's due process rights are violated when the burden shifts to the defendant to disprove an element of the offense." Mason v. Gramley, 9 F.3d 1345, 1349 (7th Cir.1993) (citations omitted). In Mason, we held that this statutory scheme does not violate due process by assigning the defendant the burden of proving mitigating factors. Id. In this case, although the Illinois courts have not been entirely consistent in their manner of referring to justification, the phrase "without lawful justification" does not constitute an element of the offense of first degree murder. See Jeffries, slip op. at * 12 (holding that once affirmative defense is raised, State must prove "more than the three elements of first degree murder" by showing lack of justification); Illinois v. Williams, 400 N.E.2d 532, 536 (Ill.Ct.App.1980) (holding that absence of lawful justification is not an element of the offense for purposes of charging defendant in indictment or information). However, assuming arguendo that a justification defense also triggers due process burden-shifting concerns, see United States v. Toney, 27 F.3d 1245, 1250 (7th Cir.1994) (discussing distinction between substantive and affirmative defenses), the Illinois statutory scheme does not violate due process. "After the State establishes the elements of murder in accordance with section 9-1, the trier of fact next addresses the issue of lawful justification." Jeffries, slip op. at * 12. Only if the State has proven the absence of justification beyond a reasonable doubt will the trier of fact consider mitigating factors. Id. Thus, unlike the situation in Mullaney v. Wilbur, 421 U.S. 684, 686 (1975), using imperfect justification as a mitigating circumstance does not create a conclusive presumption that relieves the State of its burden of proof. See Mason, 9 F.3d at 1351 (holding that Illinois statutory scheme for murder does not create conclusive implication and does not require defendant to disprove an essential element of murder).
 
 
 4
 Contending that the federal law of due process gives state legislatures too much power to shift evidentiary burdens by redesignating elements as mitigating or exonerating factors, Gore also seeks relief by relying upon the due process guarantee of the Illinois Constitution. However, " 'federal habeas corpus relief does not lie for errors of state law.' " Estelle v. McGuire, 502 U.S. 62, 67 (1991); United States ex rel. Hoover v. Franzen, 669 F.2d 433, 436 & n. 7 (7th Cir.1982) (holding that district court could not grant habeas corpus relief on grounds of violation of state constitutional law itself). Furthermore, in Jeffries, slip op. at * 9-10, the Illinois Supreme Court declined to expand the protection of the Illinois Constitution, which "does not forbid the legislature from requiring that the defendant prove, by a preponderance of the evidence, the mitigation necessary to reduce the severity of a homicide charge after the State has proven each element of the charged offense."
 
 
 5
 The district court's denial of Gore's habeas corpus petition is
 
 
 6
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal is submitted on the briefs and record
 
 
 [1]
 Gore's habeas corpus petition also incorrectly named Roland Burris, the state attorney general, in addition to Gramley, the state officer having custody over the prisoner. Burris was dismissed as a party to this action by the district court
 
 
 [2]
 In his petition, Gore also claimed that the jury instructions also violated due process. The district court found that he had procedurally defaulted this claim, and he has not raised it on appeal. We note that requiring exhaustion of this claim would have been futile when he filed his petition in the district court
 
 
 [3]
 See Illinois v. McNutt, 496 N.E.2d 1089, 1096 (Ill.Ct.App.1986) (holding that trial court did not err by omitting "without lawful justification" phrase from jury instructions because defendant only asserted alibi defense and facts did not support a defense pursuant to Article 7 of Chapter 38 (justification and exoneration)); see also 720 ILCS Sec. 5/9-2(a)(2) (1987) (defining mitigating factor as unreasonable belief that circumstances constituting justification as stated in Article 7 were present); 720 ILCS Sec. 5/9-2(c) (1987) (stating that burden remains on government to prove elements of murder "and, when appropriately raised, the absence of circumstances at the time of the killing that would justify or exonerate the killing under the principles stated in Article 7 of this Code."); Committee Notes to the 1961 Criminal Code (revised 1972) ("The introductory clause of subsection (a) [of Sec. 5/9-1] excludes the justification situations described in Article 7.")