**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Keith Maurice PHELAN, Defendant–Appellant.**

**No. 01–1153.**

United States Court of Appeals,
Sixth Circuit.

Dec. 14, 2001.

Before RYAN, BOGGS, and DAUGHTREY, Circuit Judges.

Keith Maurice Phelan was convicted of assaulting, resisting or impeding an FBI agent, a violation of 18 U.S.C. § 111(a). On January 17, 2001, Phelan was sentenced to twelve months of imprisonment and one year of supervised release. It is from this judgment that he now appeals. The parties have waived oral argument, and the panel unanimously agrees that it is not needed in this case. Fed. R.App. P. 34(a).

The prosecution's evidence indicated that Phelan had attempted to seize the agent's firearm while he was being arrested on federal drug charges. In contrast, Phelan's testimony indicated that he did not know why the police had stopped his car and that he was assaulted by the arresting officers. He also denied struggling with the officers or attempting to grab the agent's gun.

Phelan now argues that the trial court erred by allowing the government to cross-examine him about his other convictions. We examine these evidentiary rulings for an abuse of discretion. *See United States v. Gaitan–Acevedo*, 148 F.3d 577, 591 (6th Cir.1998). The court did not abuse its discretion here because the disputed testimony was admissible under Fed.R.Evid. 609(a).

Phelan first argues that the district court erred by allowing the prosecution to question him about an armed robbery conviction that was more than ten years old. This argument fails, as it is undisputed that Phelan completed his robbery sentence within ten years of his current trial. *See* Fed.R.Evid. 609(b) (West 2000). Thus, the evidence regarding this conviction was admissible if its probative value outweighed its prejudicial effect. Phelan's prior experience with the criminal justice system was directly probative of his credibility insofar as he testified that he had not understood the actions of the arresting officers. Under these circumstances, the trial court did not abuse its discretion by allowing the prosecution to question Phelan about his prior robbery conviction. *See id.* at 591–92; *United States v. Meyers*, 952 F.2d 914, 916–17 (6th Cir.1992).

Phelan also argues that the trial court erred by allowing the prosecution to question him about a related drug conviction, as that conviction became final after his arrest on the charges in the case at hand.

However, Rule 609(a) is not specifically limited in this regard. Moreover, the trial court properly found that this conviction was probative of Phelan's state of mind at the time that he allegedly attempted to grab the agent's firearm. *See United States v. Toney,* 27 F.3d 1245, 1253–54 (7th Cir.1994). The court also mitigated any prejudice to Phelan by giving a limiting instruction to the jury. *See Meyers,* 952 F.2d at 917.

Finally, Phelan argues that the trial court erred by allowing the government to question him about his prior misdemeanor conviction for obstructing a police officer. Phelan did not make a contemporaneous objection regarding this testimony at trial. Thus, to obtain relief, he must show that the court's decision was plainly erroneous. *See United States v. Murphy,* 241 F.3d 447, 450–51 (6th Cir.), *cert. denied,* 532 U.S. 1044, 121 S.Ct. 2013, 149 L.Ed.2d 1014 (2001). He has not met that burden because the disputed evidence was relevant to his state of mind at the time of the offense and because any prejudice that he may have suffered was mitigated by the trial court's limiting instruction. *See Toney,* 27 F.3d at 1253–54; *United States v. Moore,* 917 F.2d 215, 235 (6th Cir.1990). Furthermore, any error that the court may have committed was harmless in light of the evidence that was arrayed against him. *See United States v. Scisney,* 885 F.2d 325, 326–27 (6th Cir.1989).

Accordingly, the district court's judgment is affirmed.