**UNITED STATES of America, Plaintiff–Appellee,**

v.

**David F. SCHULTE, Defendant–Appellant.**

No. 93–1252.

United States Court of Appeals, Seventh Circuit.

Argued July 7, 1993.

Decided Oct. 21, 1993.

Thomas Edward Leggans, Suzanne M. Wissmann (argued), Office of the U.S. Atty., Crim. Div., Fairview Heights, IL, for the U.S.

David R. Freeman, Federal Public Defender, Andrea L. Smith (argued), Office of Federal Public Defender, East St. Louis, IL, for David F. Schulte.

Before COFFEY and RIPPLE, Circuit Judges, and ESCHBACH, Senior Circuit Judge.

COFFEY, Circuit Judge.

A jury convicted David F. Schulte of two counts of possession of an unregistered firearm in violation of 26 U.S.C. § 5861(d). The jury acquitted Schulte of two counts of possessing a firearm not identified by a serial number. 26 U.S.C. § 5861(i). Schulte admits his illegal possession of the weapons because he had a justifiable fear for the safety of his family. He argues that the district court erred by refusing to instruct the jury on the defense of necessity.

I.

On the night of January 10, 1991, Illinois State Trooper Kelley B. Hulsey and Salem, Illinois police officer Jim Bryant were investigating a hit-and-run accident that had occurred a few days earlier in the parking lot of a supermarket in Salem. Their investigation led them to the residence of the defendant, David Schulte. They knocked, and Schulte's wife answered the door. They explained that they wanted to talk to Schulte. Schulte approached the door, the officers indicated why they were there, and Schulte invited them in. While the officers were completing the accident report form, they noticed several firearms, including two sawed-off shotguns, lying on the floor parallel to the wall.

Schulte was arrested and charged with two counts of illegal possession of unregistered firearms as well as two counts of possessing a firearm not identified by a serial number. It is unclear from the record whether he was charged with violating Illinois law. At trial, Mrs. Schulte testified that she had been the

victim of an attack one night in 1977. The assailant was tried and convicted of attempted rape and attempted murder and received a sentence of five to fifteen years. She further testified that in October of 1990, she and her husband saw her assailant at a gas station in Centralia, Illinois. This made her extremely upset and fearful. She admitted on cross-examination that Schulte had acquired the guns before she observed her attacker in 1990, but she testified that they had knowledge that he had been released previously. Schulte testified that he owned the guns for the protection of himself and his family. He admitted that he could protect his house with a regular gun, and that he did not necessarily need a sawed-off shotgun for that purpose.

After the presentation of the evidence, Judge Beatty held a conference in his chambers to finalize the jury instructions. Among the many proposed instructions, Schulte's attorney proposed one that advanced the theory that Schulte was "justified in possessing the firearms for the protection of himself and his family given the previous violent attack on his wife, the reappearance of the person who attacked his wife in the community and the isolated nature of his home." The judge refused to give the instruction because he believed that the facts of the case did not warrant the giving of the instruction. Schulte's attorney did not object to this ruling.

## II.

■ Schulte argues that the court committed plain error by refusing to give the jury instruction he proffered on the defense of necessity. An error is plain if its correction is necessary to prevent a miscarriage of justice. *United States v. Schimmel*, 943 F.2d 802, 809 (7th Cir.1991), *cert. denied*, —— U.S. ——, 112 S.Ct. 1211, 117 L.Ed.2d 450 (1992). A miscarriage of justice occurs if the error regarding the instruction would have "probably changed the outcome of the trial." *United States v. Douglas*, 818 F.2d 1317, 1320 (7th Cir.1987).

The parties agree that a defendant is entitled to an instruction presenting a theory of defense if: (1) the defendant proposes a correct statement of the law, (2) the evidence in the case supports the theory of defense, (3) the theory of defense is not part of the charge, and (4) the failure to include the instruction would deny the defendant a fair trial. *See United States v. Romo*, 914 F.2d 889, 894 (7th Cir.1990), *cert. denied*, 498 U.S. 1122, 111 S.Ct. 1078, 112 L.Ed.2d 1183 (1991); *Douglas*, 818 F.2d at 1320–21. Schulte's proposed theory of defense was that he was justified in possessing the shotguns in order to protect himself and his family. The parties dispute whether the evidence here supports such a theory.

■ The defense of necessity is available when: (1) the defendant reasonably believes that his criminal conduct was necessary to avoid harm more serious than that sought to be prevented by the statute defining the offense, and (2) given the imminence of the threat, there are no reasonable legal alternatives to violating the law. *United States v. Bailey*, 444 U.S. 394, 409–11, 100 S.Ct. 624, 634–35, 62 L.Ed.2d 575 (1980); *United States v. Quilty*, 741 F.2d 1031, 1033 (7th Cir.1984) (per curiam).

■ According to Schulte, his and his wife's testimony established that the harm he sought to avoid by possessing the shotguns was a violent attack on his family. In contrast, he points out, he was only convicted of *possessing* firearms, not using them. He concludes that the harm he sought to avoid "was much greater than the law that he broke in the process." Schulte's analysis misses the mark. What must be balanced against the harm Schulte sought to avoid by possessing the guns is not his conduct in breaking the statute, but rather the harm sought to be prevented by the statute. Because the mere possession of an unregistered firearm is not harmful, the statute clearly seeks to prevent the harm caused by the *use* of unregistered firearms. The harm resulting from such use can, of course, be tremendous. Therefore, we are not convinced by Schulte's claim that the harm he sought to avoid was greater than that sought to be prevented by the statute.

The defense of necessity is unavailable for another reason: Schulte had a reasonable

legal alternative to breaking the law. First, the threat was not so immediate that a sawed-off shotgun was the *only* option. The Schultes had seen Mrs. Schulte's attacker in Centralia in October of 1990, after Mr. Schulte had acquired the guns and some three months before he was arrested. There is no evidence at all that he threatened them at that time or later, that he saw them, or that he was even aware of their continued presence in the area. Second, Schulte himself admitted on the stand that he could protect his house with a "regular" gun and that he did not need to use a sawed-off shotgun for protection. At oral argument, Schulte's attorney asked that we take judicial notice of the fact that a sawed-off shotgun is a better defensive weapon for a person, like Mrs. Schulte, who is inexperienced with guns. Even if we were to take judicial notice as Schulte asks, it would not help him. Just because a sawed-off shotgun might be a better defensive weapon than, for example, a single shot pistol does not mean a sawed-off shotgun is necessary. As noted before, Schulte conceded on the stand that he did not need a sawed-off shotgun to protect his family. This concession also undermines Schulte's argument that, because his residence was in an isolated rural setting, he could not rely on the police to protect his family, so he had no reasonable legal alternative to possessing the guns. Even aside from Schulte's concession on the stand, this argument still fails to explain why he needed to possess two sawed-off shotguns as opposed to legal firearms. The evidence is clear that Schulte had a reasonable legal alternative to possessing sawed-off shotguns.

In conclusion, we are of the opinion that the evidence presented falls short of supporting the giving of an instruction on the defense of necessity. Schulte has not clearly shown that he reasonably believed that his possession of the unregistered sawed-off shotguns was necessary to avoid harm more serious than that sought to be prevented by 26 U.S.C. § 5861(d). Also, Schulte essentially admitted that he had a reasonable legal alternative to possessing the shotguns. Thus, we do not believe that the outcome of the trial would probably have been different if the instruction had been given.

III.

The district court did not commit plain error by not instructing the jury on the defense of necessity. Schulte's conviction is therefore

AFFIRMED.