**UNITED STATES of America, Appellee,**

v.

**Anthony EDWARDS, Defendant–
Appellant.**

**No. 659, Docket 96–1218.**

United States Court of Appeals,
Second Circuit.

On Submission Nov. 7, 1996.

Decided Nov. 22, 1996.

**18**

(Gary Schoer, Syosset, NY, of counsel), for Defendant–Appellant.

Faith Gay, Assistant United States Attorney, Brooklyn, NY (Zachary W. Carter, United States Attorney, Eastern District of New York, Susan Corkery, Assistant United States Attorney, Brooklyn, NY, of counsel), for Appellee.

Before: LUMBARD, OAKES and PARKER, Circuit Judges.

PER CURIAM:

Anthony Edwards appeals from a judgment entered on March 29, 1996 in the United States District Court for the Eastern District of New York (Jack B. Weinstein, *Judge*) after a jury trial, convicting him of fraudulent use of unauthorized access devices in violation of 18 U.S.C. § 1029. Defendant was sentenced primarily to eighteen months of imprisonment.

The uncontradicted evidence at trial indicated that over a period of time Edwards arranged a series of gasoline purchases, at a Brooklyn gas station, by others, who paid him. Edwards charged the purchases, without authority, to credit cards issued to others.

Edwards was indicted on October 3, 1995. On November 7, Edwards' counsel requested a "significant adjournment" in order to prepare for trial. The court scheduled the trial for January 16, 1996. By letter of December 12, counsel moved to delay the trial further, but the court denied the motion. Counsel requested that the letter motion and two accompanying documents be sealed. The court sealed the letter but not the two documents, which were letters that Edwards had written in which he admitted committing the fraud but claimed that he was motivated by the need to redistribute wealth in a system he perceived as racist. He referred to himself as "The Black Shadow of Robin Hood."

Edwards also requested hybrid representation, where counsel would examine witnesses and Edwards would argue to the jury. Counsel justified this request on the ground that Edwards could offer his racism defense with more cogency and sincerity than counsel could. The court denied the motion, ruling that the racism defense was invalid and irrelevant and therefore could not be argued before the jury by either Edwards or counsel. However, the court agreed to allow Edwards to offer the defense through testimony. Thus, the court gave Edwards a choice: either represent himself and not offer the racism defense or proceed with counsel and offer the defense only through his own testimony. Edwards chose the latter option and was permitted to give a half an hour of testimony at trial.

Edwards claims that the district court erred in several respects: (1) by denying him a further adjournment to prepare for trial; (2) by limiting his testimony to half an hour, (3) by not sealing two letters he submitted to the court; (4) by forcing him to choose between representing himself and offering his chosen defense; (5) by denying his request for a jury nullification charge; and (6) by declining to depart downward. All of these claims are without merit.

 Edwards first claims that the court erred in declining to grant him a further adjournment so that he could have more

time to prepare his racism defense. A motion to adjourn the start of trial, however, is left to the discretion of the trial judge. *United States v. King,* 762 F.2d 232, 235 (2d Cir.1985). "To show abuse of that discretion, the defendant must demonstrate that the court's denial of a continuance was arbitrary and substantially impaired his defense." *Id.* The court delayed the trial initially so that Edwards would have more time to prepare. The court's denial of an additional continuance was not arbitrary since the court properly ruled that the defense for which Edwards sought more time to prepare was invalid and irrelevant. This ruling was proper because the defense was rooted in "the erroneous assumption that good motive for committing a crime is inconsistent with criminal intent," *United States v. Rosado,* 728 F.2d 89, 93 (1984). Nor did the court's denial of the continuance substantially impair the defense because the court allowed the jury to hear the invalid defense through Edwards' testimony.[1]

■ Edwards claims that his defense was impaired by the court's limiting his testimony to thirty minutes. But this also fell within the discretion of the district court. Defendant clearly does not have an unlimited right to present inadmissible evidence. *Montana v. Egelhoff,* —— U.S. ——, ——, 116 S.Ct. 2013, 2017, 135 L.Ed.2d 361 (1996).

■ Edwards next challenges the court's denial of his motion to seal the two letters outlining his racism defense. Edwards offers only the conclusory claim that the ruling denied him "an opportunity to present his defense without interference." We find no prejudice from this denial.

■ Edwards further contends that he was deprived of his constitutional right to conduct his own defense when he was forced to choose between offering his racism defense (through testimony) or proceeding *pro se.* In fact, the court was not preventing defendant from proceeding *pro se* but was preventing a hybrid defense. Appellant ap-

pears not to challenge the ruling that neither he nor counsel could offer the racism defense to the jury through argument. He instead claims that he had the right to testify about the racism defense and represent himself. Thus, Edwards is really claiming the right to a hybrid defense—the right to have counsel examine him and the right to argue on his own behalf. There is no such right. "The decision to grant or deny 'hybrid representation' lies solely within the discretion of the trial court." *United States v. Tutino,* 883 F.2d 1125, 1141 (2d Cir.1989).

■ Defendant next argues that the court erred by denying the following request for a jury nullification charge: "if collectively you decide that despite the acts of the [defendant] which you may find the government proved beyond a reasonable doubt, you believe that the [defendant's] actions should not be considered to be criminal by society, you may find him not guilty." Instead, the court charged the jury as follows:

> There was talk here of motive by the defendant. The motive that defendant had or claimed to have had for committing a crime charged is irrelevant to his guilt or non-guilt. Whether this defendant committed acts in order to further a political goal or for a similar reason, for his personal gain or for the gain of somebody else, doesn't excuse his acts if he committed them and violated the law.

This is a correct statement of the law. *See, e.g., Rosado,* 728 F.2d at 93 (quoted above). The statement does not go so far as to suggest that the jury could not nullify the law but quite properly implies only that it should not. *See United States v. Sepulveda,* 15 F.3d 1161, 1190 (1st Cir.1993). While juries have the power to ignore the law in their verdicts, courts have no obligation to tell them they may do so. It appears that every circuit that has considered this issue agrees. *See id.* at 1189–90; *United States v. Moylan,* 417 F.2d 1002, 1006–07 (4th Cir. 1969); *United States v. Krzyske,* 836 F.2d 1013 (6th Cir.1988); *United States v. Perez,*

---

1. Edwards submitted a supplemental *pro se* reply brief that offers an additional reason why the court's refusal to delay trial further substantially impaired his defense: he had limited access to law books in prison. This reason carries no weight because Edwards was represented by counsel both at trial and now on appeal.

86 F.3d 735 (7th Cir.1996); *United States v. Drefke,* 707 F.2d 978, 982 (8th Cir.1983); *United States v. Powell,* 955 F.2d 1206, 1213 (9th Cir.1992); *United States v. Mason,* 85 F.3d 471, 473 (10th Cir.1996); *United States v. Trujillo,* 714 F.2d 102, 105–06 (11th Cir. 1983); *United States v. Dougherty,* 473 F.2d 1113, 1130–37 (C.A.D.C.1972); *see also Skidmore v. Baltimore & O.R. Co.,* 167 F.2d 54, 57 & n. 13 (2d Cir.1948); *United States v. Desmond,* 670 F.2d 414, 417 (3d Cir.1982); *Washington v. Watkins,* 655 F.2d 1346, 1374 n. 54 (5th Cir.1981).

■ Defendant claims that when the court permitted him to testify about his motives he laid the evidentiary foundation for a defense of nullification and therefore was entitled to the nullification charge he proposed. Edwards suggests that he would not have conceded committing the offense if he had not been allowed to testify about his motive. Allowing that testimony, he argues, led him to rely on the court to instruct the jury as he proposed.

It is true that a defendant is entitled to a jury charge that reflects any defense theory for which there is foundation in the evidence. *United States v. GAF Corp.,* 928 F.2d 1253, 1262 (2d Cir.1991). But defendant is not entitled to a jury charge based on a theory that the court properly found to be invalid and irrelevant and hence without foundation. *See Perez,* 86 F.3d at 736 (*interpreting Mathews v. United States,* 485 U.S. 58, 63, 108 S.Ct. 883, 886–87, 99 L.Ed.2d 54 (1988)). The combination of defendant's testimony about motive and the court's instruction to ignore that testimony was more favorable to defendant than if defendant obtained no such instruction but was not allowed to testify about motive at all. The court would not have erred if it had completely barred testimony about motive, and, likewise, it did not err in instructing the jury to ignore the testimony. The court did not lead defendant to rely on a favorable motive instruction because before trial, the court expressly prohibited any argument in support of the nullification theory. Regardless of his testimony, defendant could not have reasonably relied on the possibility of obtaining a charge based on a theory that the court prohibited him

from arguing and labeled "not a valid defense" and "not relevant under American law."

■ Finally, defendant argues that the court improperly declined to depart downward under U.S.S.G. § 4A1.3 on the ground that his Criminal History Category exaggerated the seriousness of his prior criminal conduct. The district court's refusal to depart downward is unappealable unless the court was unaware that it had the authority to depart. *United States v. Wong,* 40 F.3d 1347, 1381 (2d Cir.1994), *cert. denied,* —— U.S. ——, 115 S.Ct. 1968, 131 L.Ed.2d 858 (1995). Here, the court made its awareness of that power explicit, "Yes, I do have the power to depart...." Thus, we cannot review the court's refusal to depart.

We affirm the judgment of the district court.