

2003 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

9-26-2003

# USA v. White

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-1485

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2003

Recommended Citation

"USA v. White" (2003). *2003 Decisions.* Paper 247.
http://digitalcommons.law.villanova.edu/thirdcircuit_2003/247

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2003 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 03-1485

———————

UNITED STATES OF AMERICA

v.

CLIFTON WHITE,

Appellant

———————

On Appeal from the Untied States District Court
for the Eastern District of Pennsylvania
(Dist. Court No. 01-cr-00434)
District Judge: Hon. Berle M. Schiller

———————

Submitted Under Third Circuit LAR 34.1(a)
September 16, 2003

Before: ALITO, AMBRO and CHERTOFF, Circuit Judges

(Filed: September 26, 2003)

———————

OPINION

———————

CHERTOFF, Circuit Judge

    Clifton White appeals his conviction of a violation of 18 U.S.C. §§ 922(g)(1) and

924(e) on two grounds.  First, he challenges the District Court's denial of his pretrial

motion to suppress evidence obtained after a warrantless police search. Second, he argues that the District Court erred in preventing him from presenting, at trial, a defense of justification. This Court has jurisdiction over the appeal pursuant to 28 U.S.C. § 1291. Both of White's contentions are without merit, and we will affirm.

Taken in the light most favorable to the government, the pertinent facts are these. On February 23, 2001, White was stopped by police while driving his car at an intersection in Philadelphia, near a store that he owned. After reviewing White's driver's license, registration, and personal information, the police discovered an outstanding warrant for White's arrest. The officers placed White under arrest, and, in the course of a pat-down search, found a loaded 9-millimeter handgun in White's waistband.

White, a previously convicted felon, was charged under a single count indictment under 18 U.S.C. §§ 922(g)(1) and 924(e) (armed career criminal in possession of a firearm and ammunition).

Before trial, White timely challenged the validity of the initial car stop. Because that stop led to the discovery of the outstanding warrant and the consequent arrest and search, White sought to suppress the gun and ammunition as fruits of an improper stop.

Not surprisingly, the testimony of the participants in the suppression hearing diverged at one crucial point. Police officer Francis Kelly testified that while on routine patrol he observed a car with a broken headlight. According to Kelly, he activated his lights and siren and pulled the car over. Kelly testified that he approached White,

2

obtained his driver's information, and thereby discovered the outstanding arrest warrant and the loaded gun. Kelly also said that he issued a traffic citation to White for the broken light. For his part, White acknowledged that he had been pulled over at the intersection but denied having a broken headlight. White did admit receiving a traffic ticket from the officer, however.

Faced with contradictory evidence about whether White was stopped without cause, the District Court focused on the existence of a contemporaneous traffic citation that would corroborate that the police had stopped White because his headlight was broken. Because the government had offered neither the ticket nor a copy of it into evidence at the hearing, the District Judge concluded that "[t]here is no way in this record that I can find that there was such a ticket issued." Accordingly, he granted the suppression motion.

The next day, the government filed motions to reconsider the ruling and to reopen the hearing, attaching a copy of the traffic citation issued by Kelly to White. After argument and subsequent briefing, the District Court rejected the motion to introduce the previously absent traffic ticket, but granted the motion to reconsider. The District Judge reversed his previous ruling, noting that it was based on a "manifestly erroneous" finding of fact – namely, that the Court had overlooked White's own testimony, which confirmed that a ticket was contemporaneously issued. The District Court dismissed as moot the government's motion to reopen the hearing and denied White's motion to suppress.

3

Before trial, the government moved to bar White from presenting a justification defense. White responded by proffering as his justification the following assertions: (1) that in September 2000 he had been robbed and stabbed while making a food delivery; (2) that several weeks before his arrest White's store had been pelted with firecrackers and a "small explosive device;" (3) that White had been subjected to unspecified threats, about which he complained unavailingly to police; and (4) that there was "racial violence in the neighborhood" during the night of White's arrest. The District Court precluded the justification defense, finding that the threats "were not sufficiently specific and imminent" and that White could have taken legal alternative measures to avoid the alleged dangers.

White was convicted by a jury and sentenced to 180 months in prison.

**I.**

White argues two points in challenging the District Court's ultimate decision to deny the motion to suppress evidence. First, he contends that the Judge impermissibly reopened the hearing to allow the government to present additional evidence. He also contends, in any event, that the arrest and search violated the Fourth Amendment.

To be sure, this Court has previously indicated that trial courts should hesitate to allow the government to reopen suppression hearings in order to present additional evidence. United States v. Kithcart, 218 F.3d 213 (3d Cir. 2000). But that did not happen here; the District Court dismissed as moot the government's motion to reopen.

4

What the District Judge did do was review the record as submitted, and determine that he had made a "manifest error" of fact. "Manifest error" is an appropriate ground for reconsideration. See Harsco Corp. v. Zlotnicki, 779 F.2d 906 (3d Cir. 1985). And we see no clear error in the District Court's finding that it was a "manifest error" to overlook White's own testimony as a source of corroboration of the evidence given by the police officer.

The District Court based its final ruling denying suppression on a careful weighing of the credibility of the witnesses and an express finding that the police reasonably stopped White because they observed the broken headlight. That finding was based on the police officer's testimony, which was corroborated in part by White's admissions; it is not clearly erroneous. Police, of course, may conduct a traffic stop when they see a violation of state traffic regulations. See Whren v. United States, 517 U.S. 806 (1996); United States v. Moorefield, 111 F.3d 10, 12 (3d Cir. 1997).

Although White seems to argue further on appeal that the post-stop arrest and search were without probable cause, the facts are otherwise. The District Judge found – and White submitted no evidence to the contrary – that the arrest occurred pursuant to an outstanding warrant on an assault charge. The validity of the warrant is not challenged. Once White was arrested, of course, police were entitled to search his person. United States v. Robinson, 414 U.S. 218 (1973). Accordingly, the seizure of the firearm and ammunition from his waistband was lawful.

5

## II.

As White correctly observes, justification may be a valid defense to a felon in possession of a firearm charge under § 922(g). United States v. Dodd, 225 F.3d 340 (3d Cir. 2000); United States v. Paolello, 951 F.2d 537 (3d Cir. 1991). But that defense is narrowly construed in the felon-in-possession context. Paolello, 951 F.2d at 541-42. For "[i]f ex-felons who feel endangered can carry guns, felon-in-possession laws will be dead letters." United States v. Perez, 86 F.3d 735, 737 (7th Cir. 1996).

Paolello sets forth a four-part test, each element of which must be met to establish the defense of justification.[1] Id. at 540-41. Here, the District Court determined that White's proffer, if true, failed as a matter of law to satisfy at least two elements of this test: the requirement of present danger of death or serious injury, and the requirement that the defendant have exhausted reasonable legal alternatives to avoid the threat.

We agree. Without minimizing the distressing effects of an armed robbery and various assaults on White's property, these allegations do not amount to a specific threat of death or serious injury. Still less do they demonstrate the degree of imminence required by this defense. Indeed, the proffer suggests that much, if not all, of the danger

---

[1] "(1) [Defendant] was under unlawful and present threat of death or serious bodily injury;

(2) [Defendant] did not recklessly place himself in a situation wher he would be forced to engage in criminal conduct;

(3) [Defendant] had no reasonable legal alternative (to both the criminal act and the avoidance of the threatened harm); and

(4) there is a direct causal relationship between the criminal action and the avoidance of the threatened harm." Paloello, 951 F.2d at 540.

6

to White was the random possibility of violence that may face any storekeeper or resident in what is alleged to be a fairly crime-ridden neighborhood. That is not enough.

Courts frequently reject justification defenses in which the specificity and immediacy of the threats are far sharper than presented here. See, e.g., United States v. Perez, 86 F.3d 735; United States v. Rice, 214 F.3d 1295 (11th Cir. 2000); United States v. Perrin, 45 F.3d 869 (4th Cir. 1995). In both Rice and Perrin, for example, there was proffered evidence that the defendant was a specific target of armed and dangerous antagonists. Because those antagonists were not present in the immediate vicinity, the justification defense was disallowed. By way of contrast, those gun possession cases in which a justification defense has been permitted to go to the jury generally involve spur of the moment seizures of a weapon during the course of a fight or other violent or sudden incident or encounter. See, e.g., Paolello, 951 F.2d 537; United States v. Newcomb, 6 F.3d 1129 (6th Cir. 1993); United States v. Panter, 688 F.2d 268 (5th Cir. 1982). In this latter class of cases, the defendant usually faces an immediate danger that a firearm will discharge or is defending himself against a physical threat in progress. [2] White's case falls easily into the first category of cases, which find an insufficient present

---

[2] United States v. Gomez, 92 F.3d 770 (9th Cir. 1996), cited by White, appears to be the exceptional case in which a court recognized a firearm possession justification defense based upon a specific, but somewhat less imminent, threat. But that decision turns on its peculiar facts, in which the Court of Appeals blamed the threat on the government's careless revelation of the informant's identity to a murderous drug gang. Id. at 773 n.3. At any rate, the threat in Gomez was far more acute and persistent than that alleged here.

7

danger.

Moreover, White's proffer also failed to show that he had no reasonable legal alternative to handgun possession if he was to avoid the perceived threat. At the time of his arrest, White was carrying his firearm while driving his car. White did not suggest any reason why he could not simply flee if confronted with a threat of robbery or violence. White did argue that his previous complaints to the police had gone unheeded, but the absence of police protection does not give rise to a justification for self-help in violation of the law.

We conclude upon plenary review, therefore, that the District Court was correct in deciding that White's proffer failed to meet the legal standards of the justification defense. The District Court properly declined to allow evidence of that defense to be submitted to the jury. See Matthews v. United States, 485 U.S. 58, 63 (1988).

**III.**

For the foregoing reasons, the judgment of the District Court entered on February 13, 2002 will be AFFIRMED.

TO THE CLERK:

Please file the foregoing opinion.

   /s/ Michael Chertoff
United States Circuit Judge

8