**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**January 26, 2010**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

KELLY GRANT MERCER,

    Defendant-Appellant.

No. 09-2078

(D.C. No. 07-CR-01173-JEC-1)
(D.N.M.)

---

**ORDER AND JUDGMENT**[*]

---

Before **BRISCOE**, **BALDOCK,** and **HARTZ**, Circuit Judges.

A petit jury convicted Defendant Kelly Grant Mercer of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). The district court sentenced him to 180 months' imprisonment. On appeal, Defendant asserts the district court erred in refusing to instruct the jury on his justification defense. According to Defendant, the circumstances surrounding a threat against his life excused his possession of the firearm. Viewing the evidence presented in the light most favorable to Defendant, we hold such evidence was not sufficient to support a jury instruction on the justification defense, and summarily affirm.

---

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

The parties are familiar with the historical facts over which no material dispute exists, and we need not repeat them here. Those facts are ably set forth in the district court's order explaining its rationale for denying Defendant's proposed justification defense instruction. See United States v. Mercer, No. 07-CR-1173, Memorandum Opinion & Order (D.N.M. Nov. 4, 2008) (Docket # 93) (hereinafter "Court's Op.").[1] We do not question the proposition that the circumstances under which Defendant possessed a firearm caused him to fear for his safety. We accept the fact that Archuleta, the leader of a prison gang, may have wanted to harm him. But such fear alone is simply not sufficient to justify Defendant's illicit conduct. Otherwise, scores of felons, legitimately concerned for their safety, could and would possess firearms–a wholly undesirable state of affairs that would severely impede § 922(g)(1)'s principal aim, i.e., to prevent gun violence by those whose past misdeeds suggest they are more likely to commit criminal acts. To warrant instructing the jury on a justification defense, Defendant's burden was not so light as he suggests. Defendant had to present evidence whereby a reasonable jury could find four elements by a preponderance of the evidence. See United States v. Nevels, 490 F.3d 800, 805 n.3 (10th Cir. 2007). The trial record reveals that Defendant utterly failed to establish at least two of these elements, namely that he (1) "was

_____

[1] The district court's order sets forth the chronology of events in which it refers to, among other dates, "March 23, 2008" and "March 27, 2008." Court's Op. at 3. Our review of the record indicates those dates should read "March 23, 2007" and "March 27, 2007."

under an unlawful and present, imminent and impending threat of such nature as to induce a well-grounded apprehension of death or serious bodily injury;" and (2) "had no reasonable, legal alternative to violating the law, a chance both to refuse to do the criminal act and also to avoid the threatened harm." United States v. Butler, 485 F.3d 569, 572 (10th Cir. 2007) (internal brackets, quotations, and citation omitted).

The district court justifiably found that the threat to Defendant "was not *immediate*, making it feasible for Mercer to have considered all of his options and pursued a lawful one," such as seeking advice and protection from law enforcement officials. Court's Op. at 8 (emphasis in original). Defendant admitted the same. At trial, the prosecutor asked him: "So there are several things that you could have done, other alternatives that you could have done, other than arming yourself with a firearm?" Defendant replied: "Yes, there were." Rec. Vol 3, at 158. Moreover, Defendant acknowledged he "was not aware" of "any present, imminent danger" when he procured the unloaded firearm from his brother's apartment. Rec. Vol. 3, at 150-51.[2] The record simply belies the presence of an imminent threat to Defendant so close in physical and temporal proximity as to justify his possession of a firearm. See United States v. Dutton, 2009 WL 3437835, at *3 (10th Cir. 2009) (unpublished). Absent "extraordinary circumstances" most assuredly not present

---

[2] Black's Law Dictionary 421 (8th ed. 2004) defines "imminent danger" as an "immediate, real threat to one's safety" or the "danger resulting from an immediate threatened injury."

3

here (whatever they might be), a justification defense instruction is warranted only where the "'ex-felon, not being engaged in criminal activity, does nothing more than grab a gun with which he or another is [presently] being threatened.'" Id. at *5 (quoting United States v. Perez, 86 F.3d 735, 737 (7th Cir. 1996)).[3] According to the district court:

> The lack of immediacy is clear from Mercer's testimony indicating that the unloaded gun was of no use to him without bullets, which he intended to get in some unspecified way, at some later time. Further, testimony established that Mercer left his girlfriend alone in the truck [in a public space outside his brother's apartment] while he went inside to get the gun, leaving vulnerable the very person he claimed he wanted to protect. Urgency, then, was not present. Mercer readily acknowledges that he could have sought police protection but did not. . . . [E]mergency travel permits are available for probation supervisees, but Mercer did not request one. Mercer dismissed as futile the notion of going to the authorities for protection or seeking permission to travel to a safer place until Archuleta was apprehended. Yet the law requires a defendant asserting a justification defense to choose a lawful alternative where one exists.

Court's Op. at 8-9. The district court correctly decided that, upon the evidence presented, Defendant was not entitled to a justification defense instruction. When a district court accurately takes the measure of a case and articulates a cogent rationale, more often than not our writing at length serves no meaningful purpose.

---

[3] For one court's view of what constitutes extraordinary circumstances, see United States v. Gomez, 92 F.3d 770 (9th Cir. 1996), where defendant "tried many other avenues first" before arming himself. Id. at 777.

4

The judgment of the district court is

       AFFIRMED.

                        Entered for the Court,


                        Bobby R. Baldock
                        United States Circuit Judge