NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 10a0685n.06

No. 07-6466

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

JOE DAVID SLOAN,

    Defendant-Appellant.

_____/

FILED
Nov 04, 2010
LEONARD GREEN, Clerk

On Appeal from the United
States District Court for the
Western District of
Tennessee at Jackson

**Before:**    **GUY and GRIFFIN, Circuit Judges; BARZILAY, Judge.**[*]

    **RALPH B. GUY, JR., Circuit Judge.**    A jury found defendant Joe Sloan guilty of being a felon in possession of a firearm. Following presentation of the evidence to the jury, Sloan requested a jury instruction on the affirmative defense of justification or necessity, which was denied by the district court. The district court also denied Sloan's motion for mistrial, based on the district court directing the jury to disregard any evidence of justification or necessity. Sloan appeals both rulings. Finding that the district court properly denied Sloan's desired justification defense and that the motion for a mistrial was properly denied, we affirm.

_____

[*]The Honorable Judith M. Barzilay, Judge, United States Court of International Trade, sitting by designation.

**I**.

Joe Sloan, estranged from his wife, had moved out of the home they shared and began staying with a cousin named Teddy Larry Myrick at the beginning of June 2003. Myrick was then living in a mobile home on property owned by his stepfather, John Kail. Near the end of the month, Sloan was arrested by authorities for being a previously convicted felon in possession of a firearm, pursuant to 18 U.S.C. § 922(g).

Prior to trial, Sloan indicated that he intended to present the affirmative defense of justification or necessity, based on perceived threats he and his cousin experienced at and around his cousin's home, described in more detail below. Counsel for the government filed motions *in limine*, requesting that the district court conduct a pretrial hearing to determine the sufficiency of the evidence for the defense, and to determine the admissibility of certain psychological testimony that Sloan indicated he wanted to present at trial. Before beginning trial, the district court granted the government's motion to exclude psychological and psychiatric evidence, which is not before us on appeal. Concerning the evidence of Sloan's "reasonable good-faith fear," the district court ruled that

> [Sloan can offer] evidence of threats that made it necessary for him to get a firearm. He can attempt to prove the defense of duress or justification or necessity, whatever you want to call it in this case. He can offer evidence.
>
> Now, at the end of all the evidence, then I'll have to decide if he has made a *prima facie* showing sufficient to justify an instruction on defense or justification or duress.
>
> So the government's motion in limine to that extent is denied. The defendant can offer whatever evidence he has except psychiatric or psychological evidence.

The evidence at trial included testimony of Sloan, Myrick, Sloan's estranged wife, Sloan's father, and John Kail. Sloan described bizarre events occurring on the Kail property during the month of June 2003 related to the alleged, unauthorized, widespread spraying of chemicals on the property. Sloan described dying chickens with blood running out of their mouths; additional dead animals; animals and areas wet with a liquid that caused his skin to swell and burn for months; and "chunks of bark big as a baseball" falling off trees. Sloan also testified that he and Myrick saw the lights from flashlights in the woods at night; that one morning he saw a man with an assault rifle standing on the property, looking at the mobile home in which he and Myrick were living; and that each time he left the property he was followed. Sloan's father, Tommy Sloan, identified miscellaneous pictures, including a dead dog; a dark pond; some canisters he asserted were bombs, which he stated were found "in close proximity" to the mobile home; and tree bark. Kail testified that the two canisters were found on adjacent property, fifty feet and two or three hundred yards from his property line, and that he and Sloan decided to remove them and bring them to Myrick's mobile home. Kail also testified about damage to chicken runs, and that there was unauthorized spraying being done on the property, leaving foliage along the driveway and some chickens "wringing wet" with an unknown substance. Sloan's wife testified that she drove to Memphis with her husband to deliver the liquid contents of a jar to the fire department.[1]

After the proofs were complete, the district court made its determination to deny Sloan's request for a jury instruction on justification. The district court instructed the jury

---

[1]Sloan's father testified that both he and Kail took "samples" of the sprayed liquid from the property. Kail specified that he squeezed liquid from drenched insulation, located under the mobile home, into a jar.

to disregard "any evidence of necessity or justification alleged by the defendant in deciding whether the government has proven the defendant guilty beyond a reasonable doubt."

After the jury was charged, Sloan made a motion for mistrial based on the above instruction, which was denied by the district court. The jury returned a guilty verdict, after which Sloan was sentenced to 100 months of incarceration. This appeal followed.

**II**.

Sloan's claims on appeal contest the district court's denial of his request for a Sixth Circuit pattern jury instruction on justification[2] and its related ruling denying his motion for a mistrial. We review a district court's decisions concerning whether to give a particular jury instruction for abuse of discretion. *United States v. Anderson*, 605 F.3d 404, 411 (6th Cir. 2010). There is no abuse of discretion if the instructions "as a whole . . . adequately informed the jury of the relevant considerations and provided a basis in law for aiding the jury in reaching its decision." *United States v. Frederick*, 406 F.3d 754, 761 (6th Cir. 2005). Similarly, we review the district court's denial of Sloan's motion for a mistrial for abuse of discretion. *United States v. Martinez*, 430 F.3d 317, 336 (6th Cir. 2005).

While the review of selected jury instructions is for abuse of discretion, the district court's determination of whether Sloan established a *prima facie* case of the affirmative defense of justification is a question of law we review *de novo*. *United States v. Ridner*, 512 F.3d 846, 849 (6th Cir. 2008) (citing *United States v. Johnson*, 416 F.3d 464, 468 (6th Cir.

---

[2]Sloan refers to Sixth Circuit Jury Instructions §§ 6.05 and 6.07, addressing coercion/duress and justification, respectively. We use the term "justification" for both the requested instruction and Sloan's desired defense.

2005)). The justification defense "arises only in 'rare situations' and 'should be construed very narrowly.'" *United States v. Kemp*, 546 F.3d 759, 765 (6th Cir. 2008) (quoting *United States v. Singleton*, 902 F.2d 471, 472 (6th Cir. 1990)).

## A.      *Prima Facie* Case/Jury Instruction

The parties agree on the factors to be considered by a district court in determining whether a defendant is entitled to a jury instruction on the affirmative defense of justification. The defendant establishes his *prima facie* case of justification by presenting evidence:

> (1)   that defendant was under an unlawful and present, imminent, and impending threat of such a nature as to induce a well-grounded apprehension of death or serious bodily injury;
>
> (2)  that the defendant had not recklessly or negligently placed himself in a situation in which it was probable that he would be forced to choose the criminal conduct;
>
> (3) that the defendant had no reasonable, legal alternative to violating the law, a chance both to refuse to do the criminal act and also to avoid the threatened harm;
>
> (4) that a direct causal relationship may be reasonably anticipated between the criminal action taken and the avoidance of the threatened harm;
>
> (5)   that defendant did not maintain the illegal conduct any longer than absolutely necessary.

*United States v. Riffe*, 28 F.3d 565, 569 (6th Cir. 1994) (abrogated on other grounds) (emphasis omitted) (quoting *United States v. Newcomb*, 6 F.3d 1129, 1134-35 (6th Cir. 1993)) (citing *Singleton*, 902 F.2d at 472-73). Instructions on the defense are proper if the defendant produces evidence upon which a reasonable jury could conclude by a

preponderance of the evidence" that each of the five requirements is met. *Ridner*, 512 F.3d at 850.

While Sloan contends that the district court improperly determined that he did not satisfy the five *Singleton* factors, we find no error. As to the first factor, the testimony about the bizarre occurrences around Myrick's mobile home cannot be said to demonstrate an imminent or impending threat of death or serious bodily injury. Although Sloan testified about seeing a man carrying an assault weapon, he stated the man disappeared into the woods. Furthermore, all Sloan includes in his brief with respect to this factor is reiterated or summarized testimony from trial.[3]

The second element requires that Sloan did not recklessly or negligently place himself in the situation that led to his criminal conduct. Sloan's cited evidence does not support his position; rather than choosing to arm himself, Sloan could have chosen to leave.[4] Similarly, Sloan did not satisfy the third element which requires a showing that he had no reasonable, legal alternative to his criminal action. Sloan could have avoided the threat by removing himself from the alleged danger.

Concerning the fourth factor, Sloan was required to produce some evidence that arming himself would avoid the threatened harm. Sloan asserts in his brief, apparently to

---

[3] As the government asserts, issues raised but not developed by the appellant are deemed waived. *El-Moussa v. Holder*, 569 F.3d 250, 257 (6th Cir. 2009); *United States v. Elder*, 90 F.3d 1110, 1118 (6th Cir. 1996). Whether or not Sloan has waived certain of these issues on appeal, we find no error by the district court.

[4] While Sloan alleged he couldn't afford to live somewhere else, and produced testimony from his wife that he was not welcome at home, he admitted he could have stayed with his father and certainly did not produce any evidence that there was *nowhere else* he could have stayed.

suggest the high level of his fear, that he testified about calls he made to "HazMat, FBI, U.S. Attorney's Office, as well as 'anybody he could find in the phone book.'" He also asserts that he was unable to leave the property without being followed, and that chemicals continued to be sprayed. He makes no argument, however, about how carrying a handgun would have stopped these things from happening. In fact, as with the first factor, Sloan presents no argument at all on this element.

With respect to the fifth factor, that defendant did not maintain the illegal conduct longer than necessary, Sloan asserts that the "life threatening" events occurred from June 9 until June 29, 2003, and that "firearms were not brought to the property by Myrick until June 19th." Sloan objects to the district court's misstatement that the period when Sloan was armed lasted "three weeks," stating that the period was actually no more than ten days. Regardless of any factual error made by the district court in its statement, we find no error in its determination on this factor:

> And fifth, the defendant has not established that he did not maintain the illegal conduct any longer than absolutely necessary. He kept these firearms for three weeks, and the defense of necessity or justification is generally applied in a situation that comes up quickly, that doesn't last very long. For example, if the man with the assault rifle had pointed the assault rifle at the defendant and the defendant had picked up the shotgun and fired back or fired first, perhaps that would be a situation under which the defense of necessity or justification must be justified. But just to see a man in a black suit with an assault rifle in the woods is not a justification to keep the gun for three weeks. And the defendant admits that he did that.

As discussed in *Ridner*, in relation to felon-in-possession cases,

> '[t]he defense of necessity will rarely lie in a felon-in-possession case unless the ex-felon, not being engaged in criminal activity, does nothing more than

grab a gun with which he or another is being threatened (the other might be the possessor of the gun, threatening suicide).'

*Ridner*, 512 F.3d at 849 (quoting *United States v. Perez*, 86 F.3d 735, 737 (7th Cir. 1996)).

Here, where there was no "imminent" or "impending" threat, Sloan's ten-day maintenance of firearms at Myrick's residence—where Sloan had no obligation to be—cannot be described as "absolutely necessary."

Because the district court did not err in finding that Sloan failed to establish a *prima facie* case of justification, there was no abuse of discretion in its determination that Sloan was not entitled to the requested jury instruction.

## B.     Motion for Mistrial

Sloan argues in this claim that the district court erred by instructing the jury to ignore Sloan's evidence of justification. After hearing the parties' arguments concerning Sloan's desired defense of justification, the district court ruled:

> The court finds there is not a sufficient basis to justify an instruction on the defense of justification, compulsion, necessity or duress, and the defendant's request for that instruction is therefore denied.
>
> Since that's not going to be submitted to the jury, there'll be no argument on the defense of justification, necessity, compulsion or duress.

The district court then stated the following to the jury in the course of giving its instructions:

> Defendant has presented testimony in which he contends that he possessed the firearms because of necessity or justification; however, the court has ruled that this evidence is not admissible and should be disregarded. Therefore, you will not consider any evidence of necessity or justification alleged by the defendant in deciding whether the government has proven the defendant guilty beyond a reasonable doubt.

At the conclusion of the instructions, defense counsel made a motion for mistrial, asserting that the above instruction given by the district court was essentially an improper "reverse instruction" on justification. The district court denied that motion, providing the following explanation:

> That was merely an effort on the court's part, Mr. Camp, to unring the bell which Mr. Powell warned me about when this trial started. I assured Mr. Powell that I unring the bell all the time.
>
> In retrospect, it would have been far better if I had granted Mr. Powell's motion to prohibit the evidence that was offered; but, as a practical matter, that would require two trials, one for you to present your evidence and then for me to rule, and then we'd have another trial.
>
> It was my decision at that time to let the evidence in conditionally to see if a defense of justification or compulsion or necessity could be made. If it could not, then I would instruct the jury not to consider it. That's all I've done. I was merely attempting to unring the bell which Mr. Powell requested that I not do in the first place.
>
> But the request for a mistrial – or the motion for a mistrial is denied.

We review a district court's ruling on a motion for mistrial for an abuse of discretion. *United States v. Faulkenberry*, 614 F.3d 573, 590 (6th Cir. 2010). "The primary concern in ruling upon a motion for a mistrial is a determination of the fairness to the accused." *United States v. Blakeney*, 942 F.2d 1001, 1030 (6th Cir. 1991) (citing *United States v. Atisha*, 804 F.2d 920, 926-27 (6th Cir. 1986)). The district court's instruction to the jury to ignore evidence of justification, as it explained, was necessary in conjunction with its determination that Sloan was not entitled to that defense. The district court's decision to give that jury instruction was clearly within its permissible discretion. Furthermore, as the government

points out, Sloan has identified no prejudice resulting from the instruction. We find no abuse of discretion.

The district court is **AFFIRMED**.