**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 15-4127**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

LEA ANN SUMMERS,

        Defendant - Appellant.

**No. 15-4128**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

TIMOTHY SUMMERS,

        Defendant - Appellant.

Appeals from the United States District Court for the Northern District of West Virginia, at Wheeling. John Preston Bailey, District Judge. (5:14-cr-00031-JPB-JES-1; 5:14-cr-00031-JPB-JES-2)

Submitted: September 30, 2015    Decided: November 19, 2015

Before KING, FLOYD, and HARRIS, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

Brendan S. Leary, Kristen M. Leddy, FEDERAL PUBLIC DEFENDER OFFICE, Wheeling, West Virginia; Patricia Valentino Kutsch, KUTSCH LAW OFFICES, Wheeling, West Virginia, for Appellants. William J. Ihlenfeld, II, United States Attorney, David J. Perri, Assistant United States Attorney, Wheeling, West Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

A grand jury charged Lea Ann Summers and Timothy Summers with conspiracy to commit mail fraud, in violation of 18 U.S.C. §§ 1341, 1349 (2012), and aiding and abetting securities fraud, in violation of 18 U.S.C. §§ 1348(2), 2(a) (2012). The grand jury also charged Lea Ann with four counts of mail fraud, in violation of 18 U.S.C. § 1341, and Timothy with interstate transportation of stolen property, in violation of 18 U.S.C. § 2314 (2012). The charges stemmed from the Summerses' sale of thousands of shares of stock owned by Timothy's mother, Betty Woods, and their purchase of a beach house with the proceeds. Following a jury trial, the Summerses were found guilty as charged, and the district court sentenced each to twenty-four months' imprisonment. In their joint appeal, the Summerses challenge several of the district court's evidentiary rulings, the court's limitation on closing argument, and the court's application of a sentencing enhancement. We affirm.

The Summerses contend that the district court erred in excluding the testimony of their expert witnesses, in excluding hearsay testimony, and in admitting rebuttal testimony. We review the district court's evidentiary rulings for abuse of discretion. See United States v. Garcia, 752 F.3d 382, 390 (4th Cir. 2014) (regarding expert testimony); United States v. Gonzales-Flores, 701 F.3d 112, 117 (4th Cir. 2012) (regarding

3

hearsay rulings); United States v. Byers, 649 F.3d 197, 213 (4th Cir. 2011) (regarding rebuttal evidence). "A court abuses its discretion if its decision is guided by erroneous legal principles or rests upon a clearly erroneous factual finding." United States v. McLean, 715 F.3d 129, 142 (4th Cir. 2013) (internal quotation marks omitted). Further, evidentiary rulings are subject to harmless error review, and any error is harmless if we can "say with fair assurance, after pondering all that happened without stripping the erroneous action from the whole, that the judgment was not substantially swayed by the error." United States v. Johnson, 617 F.3d 286, 292 (4th Cir. 2010) (internal quotation marks omitted).

The Summerses first contend that the district court abused its discretion in excluding the testimony of their expert witnesses. Expert evidence is admissible if it is reliable and "will assist the trier of fact to understand the evidence or to determine a fact in issue." Fed. R. Evid. 702. We conclude that the district court permissibly determined that neither of the defense's proffered experts would have provided testimony that would have assisted the jury in understanding the evidence or in determining the ultimate issue — whether the Summerses committed the charged offenses. Thus, the court's exclusion of the defense's expert testimony was not an abuse of discretion.

The Summerses also contend that the district court erred in excluding as impermissible hearsay Timothy's testimony regarding statements Woods allegedly made granting him and Lea Ann permission to sell the stock and use the proceeds. We conclude that the court's decision to limit Timothy's testimony was permissible. First, both Timothy and Lea Ann were permitted to testify that Woods agreed to the stock sale. Second, we perceive no inconsistency between Woods' grand jury testimony and her trial testimony. Finally, we conclude that, contrary to the Summerses' contention, Fed. R. Evid. 807 does not except Woods' statements from the general rule excluding hearsay. Under Rule 807, to be excepted from the general exclusionary rule, "the statement [must] ha[ve] equivalent circumstantial guarantees of trustworthiness." Fed. R. Evid. 807(a)(1). Moreover, "[t]he statement is admissible only if, before the trial or hearing, the proponent gives an adverse party reasonable notice of the intent to offer the statement and its particulars, . . . so that the party has a fair opportunity to meet it." Fed. R. Evid. 807(b). Here, the defense did not comply with Rule 807(b), and Timothy's proposed testimony lacked the requisite indicia of trustworthiness. Therefore, the district court did not abuse its discretion in excluding the testimony at issue.

In the Summerses final evidentiary challenge, they contend that the district court erred in permitting rebuttal testimony of one of the investigating agents, Lawrence Quigley.

> Rebuttal evidence is defined as evidence given to explain, repel, counteract, or disprove facts given in evidence by the opposing party or that which tends to explain or contradict or disprove evidence offered by the adverse party. Evidence offered in rebuttal may be introduced only to counter new facts presented in the defendant's case in chief.

Byers, 649 F.3d at 213 (internal quotation marks, citation, and brackets omitted). We conclude that the district court did not abuse its discretion in allowing the rebuttal testimony of Agent Quigley, as he was recalled to counter new details provided by Lea Ann Summers in her testimony. Moreover, any impropriety in Quigley's rebuttal testimony was harmless in light of all of the other evidence of the Summerses' guilt.

Next, the Summerses contend that the district court abused its discretion in precluding defense counsel from arguing in closing that the case was a civil, rather than a criminal, matter. "Generally, the district court is afforded broad discretion in controlling closing arguments and is only to be reversed when there is a clear abuse of its discretion." United States v. Baptiste, 596 F.3d 214, 226 (4th Cir. 2010) (internal quotation marks and brackets omitted).

We conclude that the district court permissibly found that an argument that this case involved a family matter that should

6

have been handled in a civil suit invited impermissible jury nullification  See United States v. Thomas, 113 F.3d 606, 616 (2d Cir. 1997); United States v. Perez, 86 F.3d 735, 736 (7th Cir. 1996) ("An unreasonable jury verdict . . . is lawless, and the defendant has no right to invite the jury to act lawlessly.").  Thus, the court's limitation on closing argument was not an abuse of discretion.

Finally, the Summerses contend that the district court erred in applying the vulnerable victim sentencing enhancement, pursuant to U.S. Sentencing Guidelines Manual, § 3A1.1(b)(1) (2014).  "In considering the district court's application of the Sentencing Guidelines, we review factual findings for clear error and legal conclusions de novo."  United States v. Mehta, 594 F.3d 277, 281 (4th Cir. 2010).  The Guidelines provide for a two-level enhancement when the defendant "knew or should have known that a victim of the offense was a vulnerable victim." USSG § 3A1.1(b)(1).

> Section 3A1.1(b)(1) thus creates a two-prong test for assessing the application of the vulnerable victim adjustment.  First, a sentencing court must determine that a victim was unusually vulnerable.  Second, the court must then assess whether the defendant knew or should have known of such unusual vulnerability.

United States v. Llamas, 599 F.3d 381, 388 (4th Cir. 2010) (internal quotation marks and citations omitted).  A victim of the offense is considered a "vulnerable victim" if she "is

7

unusually vulnerable due to age, physical or mental condition, or . . . is otherwise particularly susceptible to the criminal conduct." USSG § 3A1.1 cmt. n.2.

Applying the above standards, we conclude that the district court correctly found that Woods was an unusually vulnerable victim and that the Summerses were aware of Woods' vulnerability. Thus, the court did not err in applying the vulnerable victim enhancement.

Accordingly, we affirm the Summerses' convictions and sentences. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED